**Electronically Filed
Intermediate Court of Appeals
29407
28-DEC-2010
07:50 AM**

NO. 29407

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


ELLEN J. O'PHELAN, Petitioner-Appellee,
v.
JEFF MEEK, and MARYLOU ASKREN,
Respondents-Appellants


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH HILO DIVISION
(CIVIL NO. 3SS08-1-148)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Foley, and Fujise, JJ.)


Respondents-Appellants Jeff Meek (Meek) and Marylou Askren (Askren) appeal from the August 11, 2008, "Order Granting Petition for Injunction against Harassment" and the October 29, 2008, "Written Order Denying Respondent's Motion to Set Aside or Amend Order Filed 08/11/2008" issued by the District Court of the Third Circuit (district court).[1]

---

[1] The Honorable Harry P. N. Freitas presided over the proceedings and issued the rulings contested in this appeal. Askren and Meek each filed their own separate motion to set aside or amend the district court's August 11, 2008, Judgment. Although the district court's October 29, 2008, "Written Order Denying Respondent's Motion to Set Aside or Amend Order Filed 08/11/2008" (the "October 29, 2008, Order") refers to "Respondent's Motion" in the singular, it appears that October 29, 2008, Order denied the motions filed by Askren and Meeks, and we construe the October 29, 2008, Order as denying both the motion filed by Askren and the motion filed by Meek.

Petitioner-Appellee Ellen O'Phelan (Ellen) and Daniel O'Phelan (Daniel) filed a "Petition for Ex Parte Temporary Restraining Order and for Injunction Against Harassment" (Petition) against Meek and Askren pursuant to HRS § 604-10.5 (Supp. 2009).[2] The Petition alleged, among other things, that Meek had physically and sexually assaulted Ellen and that Askren had given Ellen a sedative prior to the assault. The district court granted Ellen's and Daniel's request for a temporary restraining order on the day the Petition was filed. After holding evidentiary hearings on the Petition, the district court granted Ellen's request for an injunction against harassment and denied Daniel's request for an injunction against harassment.

On August 11, 2008, the district court issued its order granting the injunction against harassment in favor of Ellen and against Meek and Askren. The order restrained and enjoined Meek and Askren for a period of three years from contacting, threatening, or physically harassing Ellen and any person residing at her residence; telephoning Ellen; and entering or visiting Ellen's residence or place of employment. Meek and Askren filed motions to set aside the district court's order

---

[2] HRS § 604-10.5 provides in relevant part:

    (a)  For the purpose of this section:

    . . . . .

    "Harassment" means:

    (1)    Physical harm, bodily injury, assault, or the threat of imminent physical harm, bodily injury, or assault[.]

    . . . .

    (f) . . . .

    If the court finds by clear and convincing evidence that harassment as defined in paragraph (1) of that definition exists, it may enjoin for no more than three years further harassment of the petitioner . . . ; provided that this paragraph shall not prohibit the court from issuing other injunctions against the named parties even if the time to which the injunction applies exceeds a total of three years.

granting the injunction against harassment in favor of Ellen, which the district court denied.

On appeal, Meek and Askren argue that the district court erred in issuing the order granting the injunction against harassment and in denying their motions to set aside that order. We affirm the district court.

I.

The district court held evidentiary hearings on the Petition. At the time the hearings were held, the investigation by the police into Ellen's complaint of sexual assault was still pending. Meek and Askren both invoked their Fifth Amendment privilege against self-incrimination and declined to testify at the hearings. The following evidence was adduced at the hearings.

Daniel and Ellen O'Phelan were friends with Meek and Askren. The O'Phelans were married and Meek was Askren's boyfriend. On May 18, 2008, Daniel invited Meek and Askren to the O'Phelans' residence. Daniel left on an errand while Meek and Askren remained at the O'Phelans' residence with Ellen.

Ellen testified that during Daniel's absence, Askren gave Ellen a prescription sedative that "knocked [Ellen] out." According to Ellen, Meek came into her bedroom while she was sleeping, pinned her down, and physically and sexually assaulted her. Ellen testified that while Meek was assaulting her, Askren opened the bedroom door, saw Meek on top of Ellen, and then closed the door and left. Ellen introduced into evidence photographs taken a day after the alleged assault, which showed bruising on her arm, and a toxicology report regarding tests conducted the day after the alleged assault, which revealed that she tested presumptively positive for Benzodiazepine.

Meek offered the testimony of Richard Randall Auriemma (Auriemma), a tenant who resided in the basement of the O'Phelans' residence. According to Auriemma, on the day of the alleged incident, Ellen was upset at her husband Daniel and not at Meek; Meek did not harass Ellen during the short time Ariemma

3

observed them together; and Ellen told Auriemma not to call the police.

In support of its decision to grant the injunction against harassment in favor of Ellen, the district court stated:

> As far as the restraining order as to [Ellen], the Court will find that she has established by clear and convincing evidence that there was physical harm, bodily injury, assault or the threat of imminent physical harm, bodily injury or assault to her.
>
> Based on the photographs that were presented and her testimony, there was some cross testimony of Mr. Auriemma. However, his own testimony stated that he saw maybe five minutes of the contact between [Ellen] and Mr. Meek and that's it.
>
> So although her credibility may be in question, [Ellen] was very clear in her testimony and her beliefs that she was assaulted, or as you say, physically harmed or resulted in bodily injury that would follow under the statute. And as such, the Court is going to grant her request for the restraining order and I'll make it for three years.

## II.

On appeal, both Meek and Askren argue that: (1) Ellen did not show by clear and convincing evidence that Meek or Askren committed any acts of harassment, either as a principal actor (Meek) or an accomplice (Askren), as required to issue an injunction against harassment under HRS § 604-10.5; (2) the district court erred in failing to issue findings of fact and conclusions of law in support of its decision to grant the injunction against harassment in favor of Ellen; (3) the district court violated Meek's and Askren's due process rights because it improperly prejudged the case; (4) the injunction against harassment violates Meek's and Askren's constitutional right to travel; and (5) the district court erred in denying Meek's and Askren's motions to set aside the order granting the injunction against harassment. In addition, Askren separately argues that the district court denied her due process when it "disregarded" her during the evidentiary hearings. Meek separately argues that the district court compromised the integrity of the hearings by permitting Daniel to act as Ellen's counsel.

We resolve the arguments raised by Meek and Askren on appeal as follows:

A.

We reject Meek's and Askren's claim that there was insufficient evidence for the district court to grant the injunction against harassment in favor of Ellen and against them under HRS § 604-10.5. When reviewing a sufficiency of evidence claim, we view the evidence and the inferences which may be fairly drawn therefrom in the light most favorable to the party that prevailed at trial. See Kramer v. Ellett, 108 Hawai'i 426, 430, 121 P.3d 406, 410 (2005). We will not disturb the trial court's findings if there is substantial evidence to support them. See In re Estate of Herbert, 90 Hawai'i 443, 454, 979 P.2d 39, 50 (1999); Adair v. Hustace, 64 Haw. 314, 324, 640 P.2d 294, 302 (1982). Sufficient evidence can be established by the testimony of a single percipient witness. State v. Pulse, 83 Hawai'i 229, 244, 925 P.2d 797, 812 (1996).

When viewed in the light most favorable to Ellen, there was sufficient evidence to support the allegation that Meek physically assaulted Ellen and that Askren acted as Meek's accomplice in the assault. The district court found that Ellen had "established by clear and convincing evidence that there was physical harm, bodily injury, assault or the threat of imminent physical harm, bodily injury or assault to her[,]" and that Ellen therefore had met the statutory definition of "harassment." See HRS § 604-10.5; footnote 2, supra. We conclude that there was substantial evidence to support the district court's findings and its decision to grant the injunction in Ellen's favor, including Ellen's testimony and the photographs depicting injuries to her arm. Meek and Askren attack Ellen's credibility. However, it is well settled that an appellate court will not pass upon the credibility of the witnesses and the weight of evidence, for those matters are the province of the trier of fact. See Domingo v. State, 76 Hawai'i 237, 242, 873 P.2d 775, 780 (1994); Pulse, 83 Hawaii at 244-45, 925 P.2d at 812-13.

B.

Meek and Askeren argue that pursuant to the District Court Rules of Civil Procedure (DCRCP) Rule 52(c) (1996), the district court was required to issue findings of fact and conclusion of law and that the district court erred by failing to do so. We disagree. DCRCP Rule 81(a)(4) (1996) specifically provides that the DCRCP "shall not apply to . . . [a]ctions for relief from harassment maintained pursuant to HRS Section 604-10.5 . . . ." Accordingly, the DCRCP do not apply to this case. In any event, we conclude that the district court's oral ruling was sufficiently clear that a remand for the district court to issue findings of fact and conclusions of law is not necessary.

C.

Meek's and Askren's claim that the district court improperly prejudged the case is without merit. The matters they cite in support of their claim do not show improper prejudgment on the part of the district court.

D.

We reject Meek's and Askren's argument that the injunction against harassment violated their right to travel because they were not given a sufficient opportunity to prepare for and defend against the Petition. The record shows that both Meek and Askren were given an adequate opportunity to obtain counsel prior to the evidentiary hearings and to prepare for the hearings on the Petition; that both were present at the hearings; and that Meek was represented by counsel. We conclude that the district court's granting of the injunction against harassment pursuant to HRS § 604-10.5 did not violate Meek's and Askren's right to travel.

E.

Meek and Askren filed motions, pursuant to DCRCP Rules 59 and 60, to set aside the district court's order granting the

6

injunction against harassment.[3/]  We review the trial court's decision on such motions under the abuse of discretion standard. See Gossinger v. Assoc. of Apartment Owners of the Regency of Ala Wai, 73 Haw. 412, 425, 835 P.2d 627, 634 (1992); Beneficial Hawai'i, Inc. v. Casey, 98 Hawai'i 159, 164, 45 P.3d 359, 364 (2002).[4/]

In support of their motions, Meek and Askren asserted, among other things, that there was new evidence in the form of Ellen's medical records and that Ellen and Daniel had engaged in fraud and misrepresentations that invalidated the district court's decision.[5/]  However, Meek and Askren failed to demonstrate that Ellen's medical records could not have been discovered through due diligence prior to the evidentiary hearings, and they failed to adequately substantiate their allegations of fraud and misrepresentation.  We conclude that Meek and Askren did not meet their burden of demonstrating that they were entitled to set aside the district court's order granting the injunction or to any other relief sought by their motions.  Accordingly, we cannot say that the district abused its discretion in denying their motions.

F.

We conclude that Askren is not entitled to any relief on her claim that the district court violated her right to due process by "disregarding" her during the evidentiary hearings. While Meek was represented by counsel, Askren appeared pro se.

---

[3/] Notwithstanding DCRCP Rule 81(a)(4), we utilize DCRCP 59 and 60 for purposes of our analysis of the issue raised in this section.

[4/] DCRCP Rules 59 and 60 are patterned after the corresponding Hawai'i Rule of Civil Procedure (HRCP) Rule 59 and 60.  Gossigner and Beneficial Hawai'i applied the abuse of discretion standard to decisions on motions brought pursuant to HRCP Rules 59 and 60, respectively.

[5/] Askren also asserted that her motion should be granted because she did not have counsel at the evidentiary hearings on the Petition and because the district court disregarded her at the hearings.  We disposed of the former claim in Section II.D., supra, by noting that the record shows that Askren was given an adequate opportunity to obtain counsel prior to the evidentiary hearings.  We discuss the latter claim in Section II.F., infra.

During the evidentiary hearings, the district court asked Meek's counsel whether he wanted to cross-examine Ellen's witnesses, whether he objected to evidence offered by Ellen, and whether Meek wanted to present any witnesses. However, the district court did not specifically address Askren and ask for her position on these matters. Nevertheless, during the parties' closing arguments, the district court realized this oversight. The district court apologized to Askren and asked her whether she wanted to call any witnesses or cross-examine any of the witnesses who had testified. Askren advised the district court that she did not want to call any witnesses "at this time" and that she did not want to cross-examine the witnesses who had testified.

Therefore, when given the opportunity, Askren did not seek to cross-examine the witnesses who had testified or to call her own witnesses. Instead, she told the district court that she did not want to cross-examine or call witnesses. We conclude that Askren waived any claim that her due process rights were violated on the grounds that she was not permitted to cross-examine witnesses and to call her own witnesses. Askren does not argue that she had a valid basis for excluding any of the evidence offered by Ellen that the district court admitted. Accordingly, Askren has not established that she is entitled to relief on her claim that the district court "disregarded" her during the evidentiary hearings.

G.

We reject Meek's claim that the district court compromised the integrity of the hearing on Ellen's portion of the Petition by permitting Daniel to act as Ellen's counsel. Daniel was a practicing lawyer at the time of the hearings. However, Daniel advised the district court that because Daniel planned to be a witness, Daniel did not represent Ellen at the evidentiary hearings. The district court reminded Daniel several times that he did not represent Ellen when Daniel attempted to intervene during Ellen's portion of the evidentiary hearings.

8

Our review of the record does not support Meek's claim that the district court was influenced by Daniel's statements or attempts to intervene on Ellen's behalf; that the district court's reminders were insufficient; or that the integrity of the hearings were compromised.

### III.

We affirm the district court's August 11, 2008, "Order Granting Petition for Injunction against Harassment" and its October 29, 2008, "Written Order Denying Respondent's Motion to Set Aside or Amend Order Filed 08/11/2008."

DATED: Honolulu, Hawaiʻi, December 28, 2010.

On the briefs:

Dan O'Phelan
for Petitioner-Appellee

Gerard D. Lee Loy
for Respondent-Appellant
MARYLOU ASKREN

Christopher P. Schleuter
for Respondent-Appellant
JEFF MEEK

Chief Judge

Associate Judge

Associate Judge

9